```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF GEORGIA
                          COLUMBUS DIVISION
```

KRISTEN GRANBERRY,                   *

    Plaintiff,                       *

vs.                                  *
                                             CASE NO. 4:15-CV-55 (CDL)

AMY SETTLES, EXAMONE WORLDWIDE,      *
INC., A QUEST DIAGNOSTICS
COMPANY, and QUEST DIAGNOSTICS       *
INCORPORATED,
                                    *

    Defendants.

## O R D E R

Kristen Granberry claims that nurse Amy Settles injured her while taking a blood sample. Granberry sued Settles, her employer, ExamOne Worldwide Inc. ("ExamOne"), and A Quest Diagnostic Company ("Quest") for negligence in state court. Defendants removed the action to this Court based on diversity of citizenship although Granberry and Settles are both Georgia residents. Presently pending before the Court are four motions: a motion to dismiss by Quest, a motion to remand by Granberry, a motion to dismiss by Settles, and a motion for voluntary dismissal without prejudice by Granberry. As discussed below, Granberry's motion for voluntary dismissal without prejudice (ECF No. 18) is granted. The Court denies as moot Quest's motion to dismiss (ECF No. 5), Granberry's motion to remand (ECF No. 9), and Settles's motion to dismiss (ECF No. 13).

BACKGROUND

Kristen Granberry lives in Columbus, Georgia. She had a blood sample taken by nurse Amy Settles on March 28, 2013. According to the Complaint, Settles is employed by ExamOne and/or Quest.[1] Granberry alleges that she experienced intense pain during and after the blood draw and that her arm is now permanently injured. Granberry contends that Settles negligently performed the blood draw and that her negligence caused Granberry's injuries.

Granberry filed a complaint naming Settles, ExamOne, and Quest as defendants in the Superior Court of Muscogee County on March 11, 2015—less than three weeks before the statute of limitations expired. *See* O.C.G.A. § 9-3-33 (stating that actions for personal injuries are subject to a two-year statute of limitations).

Shortly thereafter, Granberry served all Defendants except for Settles. Granberry could not immediately serve Settles because she did not know where Settles lived. *See* Compl. ¶ 9 ECF No. 1-2 ("The residence or location of Defendant Amy Settles is unknown at this time but it is presumed and alleged that she is a resident of Georgia."). When Settles drew Granberry's

---

[1] Quest moved to dismiss the claims against it because it contends it has no relationship with Settles and has been sued solely because it is the parent company of ExamOne. Granberry does not oppose the motion and assures the Court that she will not recommence her claims against Quest if the Court grants her motion to dismiss without prejudice.

blood the only identifying information Settles gave was her name and that she "traveled all over" for her job.  Paul R. Bennett Aff. ¶ 13, ECF No. 23-1.  Granberry's counsel searched for persons named "Amy Settles" in Georgia and Alabama and got twenty-five results.  Id. ¶ 14; Pl.'s Resp. to Def. Settles's Mot. to Dismiss Ex. B, ECF No. 23-3.  Her attorney avers that he had no way of knowing which of the twenty-five individuals had drawn Granberry's blood.  Bennett Aff. ¶ 15.  To locate the correct person, Granberry asked ExamOne for Amy Settles's full name and address in an interrogatory.

Before Granberry served Settles, ExamOne and Quest removed the action pursuant to 28 U.S.C. § 1441(b) on April 14, 2015. Defendants asserted that removal was proper based on diversity jurisdiction under 28 U.S.C. § 1332.  Defendants contended that there was total diversity of the parties because Granberry is from Georgia and ExamOne and Quest are not.  They argued that the Court should not consider Settles's citizenship because she had not been served as of the date of removal.

Granberry finally received Settles's address and served her at her home in Muscogee County, Georgia on April 21, 2015—a few weeks after the statute of limitations expired.  Granberry then filed a motion to remand arguing that removal was not proper because both Granberry and Settles resided in Georgia when the action was removed.

Later, Settles filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Settles contends that Granberry's claims are barred by the applicable statute of limitations because Granberry allegedly failed to timely perfect service on Settles. Granberry opposed the motion and argued that she timely perfected service. She also filed a motion for voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

## DISCUSSION

Granberry seeks to dismiss this action without prejudice so that she can refile her claim in state court and timely serve Settles. *See* O.C.G.A. § 9-2-61(a) (allowing a plaintiff that files suit within the statute of limitations to dismiss the suit and then recommence it, restarting the clock for service of process). If allowed to refile the action, Granberry will effectively defeat the statute-of-limitations defense made in Settles's motion to dismiss.

The Federal Rules of Civil Procedure provide that once a defendant files an answer—as ExamOne has—a plaintiff can dismiss the action without prejudice "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Generally speaking, a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." *Arias v.*

*Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015). "Rule 41(a)(2) exists chiefly for protection of defendants . . . ." *Id.* at 1269 (quoting *Fisher v. P.R. Marine Mgmt., Inc.*, 940 F.2d 1502, 1503 (11th Cir. 1991) (per curiam)). The Court "must consider the crucial question of whether 'the defendant [would] lose any substantial right by the dismissal.'" *Id.* (alteration in original) (quoting *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (per curiam)). Ultimately, "the district court must exercise its broad equitable discretion under Rule 41(a)(2) to weigh the relevant equities and do justice between the parties in each case . . . ." *McCants v. Ford Motor Co.*, 781 F.2d 855, 857 (11th Cir. 1986).

Defendants contend that granting Granberry's motion to dismiss would prejudice them because Settles will lose her statute-of-limitations defense.[2] The law in the Eleventh Circuit is that "the loss of a statute-of-limitations defense alone does not amount to *per se* prejudice requiring denial of a [motion for] voluntary dismissal without prejudice." *Arias*, 776 F.3d at 1272; *see also McCants*, 781 F.2d at 858 ("[T]he likelihood that a dismissal without prejudice will deny the defendant a statute

---

[2] Defendants appear to argue that they would be prejudiced by the expense of litigating the case for a second time. But the expense and inconvenience of re-litigating a dispute does not constitute legal prejudice that bars granting a plaintiff's motion for voluntary dismissal without prejudice. *See Arias*, 776 F.3d at 1268.

5

of limitations defense does not constitute plain legal prejudice and hence should not alone preclude such a dismissal."). "[I]t is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation." *McCants*, 781 F.2d at 857. Therefore, Defendants are not clearly prejudiced by the loss of the statute-of-limitations defense.

Moreover, the Court notes that Settles's statute-of-limitations defense is not sure to succeed. "If the defense lack[s] merit, Defendants [will] not even arguably suffer any cognizable prejudice as a result of the voluntary dismissal." *Arias*, 776 F.3d at 1269. Settles contends that Granberry served her too late. In Georgia, a plaintiff must serve a defendant before the statute of limitations expires or within a five-day grace period after the expiration of the statute of limitations. *See* O.C.G.A. § 9-11-4(c); *Giles v. State Farm Mut. Ins. Co.*, 330 Ga. App. 314, 317-18, 765 S.E.2d 413, 417 (2014)). If she does not, "the service relates back to the original filing only if the plaintiff shows that [s]he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible." *Giles*, 330 Ga. App. at 320, 765 S.E.2d at 418 (quoting *Parker v. Shreve*, 244 Ga. App. 350, 351, 535 S.E.2d 332, 334 (2000)).

Here, Granberry served Settles well after the statute of limitations and grace period expired. But Granberry has at least a plausible argument that she acted "in a reasonable and diligent manner" to serve Settles "as quickly as possible," such that service should be considered timely perfected. *Id.* Granberry asserts that the only identifying information she had about the nurse that drew her blood was her name: Amy Settles. A search for persons named "Amy Settles" in Georgia and Alabama yielded twenty-five results. Granberry had no way of knowing which one drew her blood. Granberry contends that she acted reasonably and diligently when she requested Amy Settles's full name and address from her employer, ExamOne, through discovery.

Settles responds that Granberry should have found her address sooner because her address is publicly available in the Muscogee County property tax records and the Columbus, Georgia telephone books. But Granberry contends that she could not have known to look in those places because she had no clue that Settles lives in Columbus. In sum, while Settles could succeed on her statute-of-limitations defense, dismissal is not guaranteed. Thus, the Court finds that Settles is not clearly prejudiced by the loss of her statute-of-limitations defense.

In addition to ensuring that Defendants will not suffer clear legal prejudice, the Court must consider the particular facts of the case, "weigh the relevant equities and do justice

7

between the parties." *McCants*, 781 F.2d at 857. Based on the record, the Court concludes that the relevant equities weigh in favor of granting Granberry's motion to dismiss without prejudice.

The Court bases this conclusion on several findings. First, the record contains no indication that Granberry or her attorneys acted in bad faith. *See Arias*, 776 F.3d at 1272 (instructing district courts, when analyzing a Rule 41(a)(2) motion, to consider whether the plaintiff acted in bad faith). Second, Granberry made efforts to locate Settles and serve her in a timely manner. Within approximately six weeks of filing her complaint, Granberry had located and served Settles. Third, Granberry moved for voluntary dismissal just ten days after Settles filed a motion to dismiss contending that the claims against her were time-barred. The lack of any substantial delay between learning of the statute-of-limitations defense and moving for dismissal mitigates in favor of granting Granberry's motion to dismiss. *See Fisher*, 940 F.2d at 1503 (affirming a district court's denial of a voluntary motion to dismiss when a plaintiff waited over a month after learning of facts that would lead to dismissal to make a Rule 41(a)(2) motion). Fourth, Granberry brings her motion to dismiss in the relatively early stages of litigation before the parties have expended substantial resources on discovery or trial preparation. *See*

8

*id.* (affirming a district court's decision to deny a motion for voluntary dismissal when the defendant had spent considerable time and expense on discovery and trial preparation). Fifth, Granberry assures the Court that she will not sue Quest if given the opportunity to refile her claims. Quest therefore will not be prejudiced.

Finally, it is not clear that this case should be in this Court at all. It appears clear that complete diversity does not exist, as both Granberry and Settles reside in Georgia. The action was removed only because Settles had not yet been served. But at the time of removal, Defendants knew that Granberry contended that Settles resided in Georgia, the same state as Granberry. By removing the case before Settles was served, Defendants not only sought to test the limits of diversity jurisdiction but did so, at least in part, in order to deprive Granberry of the opportunity to reinstitute her lawsuit under Georgia law in a timely manner—a right she would have been able to exercise had there been no removal. Although the Court does not criticize Defendants for such procedural maneuvering, the Court finds that the equities do not justify rewarding Defendants for their skillful tactics. Weighing all of the equities, the Court concludes that Granberry's motion to dismiss without prejudice should be granted.

The Court rejects Defendants' request to be compensated for their legal fees if the Court allows the dismissal. As explained above, Defendants removed this dispute to this Court knowing that a legitimate dispute existed as to whether complete diversity existed among the parties. Even assuming that removal was theoretically proper, if this action remained in federal court, Granberry would be forced to litigate in a forum she did not choose simply because she could not locate one Defendant before the other Defendants filed their notice of removal. Moreover, some of Granberry's claims may not be heard on the merits at all. If the case had remained in the forum that Granberry chose, however, she would have the opportunity to have her Georgia law claim against a fellow Georgia resident heard on the merits by a Georgia court. The Court finds that the equities weigh in favor of allowing Granberry to dismiss her complaint, refile it in state court, and serve Settles and any remaining Defendants in a timely manner. The Court will not require her to pay a penalty for doing so.

## CONCLUSION

In sum, the Court grants Granberry's motion for voluntary dismissal without prejudice (ECF No. 18). The Court denies as moot Quest's motion to dismiss (ECF No. 5), Granberry's motion to remand (ECF No. 9), and Settles's motion to dismiss (ECF No. 13).

IT IS SO ORDERED, this 21st day of September, 2015.

                                                S/Clay D. Land
                                                CLAY D. LAND
                                                CHIEF U.S. DISTRICT COURT JUDGE
                                                MIDDLE DISTRICT OF GEORGIA